IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD VANCE,                        Civil No. 04-3030-CO

    Plaintiff,
                                      FINDINGS AND RECOMMENDATION

    v.

HORIZON AIR INDUSTRIES,
a Washington corporation,

    Defendant,

    v.

ROGUE VALLEY INTERNATIONAL
MEDFORD AIRPORT, a publically
owned entity by Jackson
County, Oregon,

    Third-Party Defendant.

COONEY, Magistrate Judge:

    Plaintiff brings this personal injury action seeking damages. Plaintiff moves pursuant to Fed.R.Civ.P. 15(a) to amend his complaint to clarify the negligence claims against

defendant Horizon Air and to add Rogue Valley International Medford Airport (RVIMA) as an additional defendant (#31).

## I. **FACTS**

On April 28, 2004, plaintiff filed his complaint (#1). The court issued a scheduling order setting the discovery deadline for August 4, 2004 (#2).

On June 4, 2004, defendant Horizon Air filed its answer (#10). On June 14, 2004, defendant Horizon Air filed a third party complaint against RVIMA (#12).

On August 9, 2004, RVIMA filed its answer (#15). Plaintiff filed four motions for extensions of the case deadlines (#16, #17, #25, #28), which were granted.

On July 8, 2005, plaintiff filed his motion to amend the complaint (#31). At the time he filed the motion, the discovery deadline was set for August 8, 2005 (#30).

On July 11, 2005, defendant Horizon Air moved to extend the discovery deadline to September 9, 2005 (#35). This motion was granted (#34).

## II. **LEGAL STANDARDS**

Fed.R.Civ.P. 15 governs amendments to the pleadings. It is within the court's discretion to grant or deny leave to amend. Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398 (9th Cir.), cert. denied, 479 U.S. 816, cert. denied 479 U.S. 821 (1986). Leave to amend should be freely

given unless the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. See Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997), overruled on other grounds, Green v. City of Tucson, 255 F.3d 1086 (9th Cir.), cert. dismissed, 533 U.S. 966 (2001). The party opposing the amendment has the burden of demonstrating why leave to amend should not be granted. Genetech Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-531 (N.D.Cal. 1989)(citations omitted).

"The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir.), cert. denied, 522 U.S. 996 (1997), cert. granted, 524 U.S. 936 (1998), cert. granted and judgment affirmed, 525 U.S. 299 (1999) (citation omitted). Undue delay, by itself may be insufficient to deny a motion to amend, but, when combined with other factors, denial could be proper. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-1388 (9th Cir. 1990)(citations omitted).

Fed.R.Civ.P. 21 "authorizes the addition of parties by order of the court on motion of any party or its own initiative at any stage of the action and on such terms as are

3 - FINDINGS AND RECOMMENDATION

just." Mullaney v. Anderson, 342 U.S. 415, 417 (1952).

### III. **DISCUSSION**

Plaintiff moves to file an amended complaint seeking to clarify the negligence claims against defendant Horizon and to add third party defendant RVIMA as an additional defendant. Plaintiff argues that: 1) the amendment is necessary, because plaintiff recently became aware that defendant Horizon intends to dismiss RVIMA as a third party defendant; 2) third party defendant RVIMA will not be prejudiced by the amendment as it has been a party to the litigation and has participated in all discovery that has occurred to date; 3) the statute of limitations on the claim has not run; 4) and plaintiff sent RVIMA a timely formal tort claim notice pursuant to ORS 30.275.

In response, third party defendant RVMIA argues that it will be prejudiced by the amended complaint, because: 1) defendant Horizon has agreed to dismiss RVIMA as a third party defendant; 2) two out of three claims are claims that are identical to claims being dismissed by defendant Horizon and the third claim contains a new allegation; 3) plaintiff waited over two months after learning about the information in depositions and until defendant Horizon decided to dismiss RVIMA before filing his motion to amend; 4) the motion was filed just before the discovery deadline; and 5) the new

4 - FINDINGS AND RECOMMENDATION

allegations will require more discovery.

The court finds that a two month delay in moving to amend is not extraordinary, defendant Horizon's decision to dismiss RVIMA as a third party defendant precipitated the necessity to amend, and this is the first amendment plaintiff has sought. Plaintiff's motion to amend is timely and plaintiff has given a reasonable explanation for the delay. See Owens v. Kaiser Fdn. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Defendants have failed to show that they would be prejudiced by this amendment. The statute of limitations has not run and plaintiff filed a timely tort claim notice. Therefore, the plaintiff could file a second lawsuit, and RVIMA would have to file responsive pleadings and participate in discovery.

In addition, although the motion to amend was filed a month before the discovery deadline and the discovery deadline might have to be extended again, this is an insufficient reason to deny leave to amend. See Cowen v. Bank United of Texas FSB, 71 F.3d 937, 944 (7th Cir. 1995).

The court finds that the factors weigh in favor of granting plaintiffs leave to amend. In addition, the court finds that in the interest of justice and judicial economy, the plaintiff should be allowed to amend his complaint pursuant to Rule 15 and Rule 21 to name RVIMA as a defendant in this case.

5 - FINDINGS AND RECOMMENDATION

Requiring the plaintiff to file a new case "would entail needless waste and runs counter to effective judicial administration." Mullaney, 342 U.S. at 417. Plaintiff has satisfied the requirements of Rule 15 and Rule 21. Therefore, his motion to amend should be granted.

### IV. RECOMMENDATION

Based on the foregoing, it is recommended that plaintiffs' motion to amend (#31) be granted.

*__This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals__*. **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** *__The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections__*. **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's**

**recommendation.**

DATED this ___8_____ day of August, 2005.


_____/s/_____
UNITED STATES MAGISTRATE JUDGE